1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE BANK OF NEW YORK MELLON
FKA, et. al.,

               Plaintiff(s),

   v.

DEANNE BREWER, et. al.,

               Defendant(s).

                              /

CASE NO. 5:12-cv-00829 EJD

**ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND**

[Docket Item No(s). 9]

      Defendant Deanne Brewer and Third-Party Spencer Brown (collectively, "Defendants")
removed the instant unlawful detainer action filed in Santa Clara County Superior Court by
Plaintiffs The Bank of New York Mellon FKA and related entities ("Plaintiffs"). See Docket Item
Nos. 1, 11.[1]  Plaintiffs purchased the property at issue at a trustee's sale in October, 2009, after
Brewer defaulted on a Deed of Trust secured by the property. See Docket Item No. 11, at Ex. 1.

      Plaintiffs now seek an order remanding the case to the state court from which it originated.
See Docket Item No. 9.  Having reviewed the moving, opposing and reply papers for this motion,
the court finds this matter appropriate for decision without oral argument pursuant to Civil Local
Rule 7-1(b).  Accordingly, the hearing scheduled for July 13, 2012, will be vacated and Plaintiffs'
motion to remand granted for the reasons stated below.

---

[1] Plaintiffs' request for judicial notice (Docket Item No. 11) is GRANTED in its entirety.
Fed. R. Evid. 201(b).

1

United States District Court

For the Northern District of California

## I.   DISCUSSION

On what is now these parties' second trip to federal court in the same underlying case, Plaintiffs argue federal jurisdiction is still nonexistent.[2]  The court agrees.

### A.   Legal Standard

Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.").  Only those state court actions that could have been originally filed in federal court may be removed.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant.").  Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states.  28 U.S.C. §§ 1441(a), (b).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)).  "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of removal dictates whether removal jurisdiction is proper.  Libhart, 592 F.2d at 1065.

An anticipated or even actual federal defense or counterclaim is not sufficient to confer jurisdiction.  Constr. Laborers Vacation Trust, 463 U.S. at 10.  It is the removing defendant's burden

---

[2] The court notes that Judge Susan Illston previously remanded this unlawful detainer action sua sponte after Defendants failed to respond to an Order to Show Cause.  See Docket Item No. 11, at Ex. 2.

CASE NO. 5:12-cv-00829 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

United States District Court

For the Northern District of California

1   to establish federal jurisdiction, and the court must strictly construe removal statutes against removal

2   jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption'

3   against removal jurisdiction means that the defendant always has the burden of establishing that

4   removal is proper.").

5          **B.      Federal Question and Supplemental Jurisdiction**

6          In the underlying Complaint, Plaintiffs allege a single claim for unlawful detainer against

7   Brewer.  See Docket Item No. 11, at Ex. 1.  It is well established that unlawful detainer claims

8   themselves do not arise under federal law and, therefore, cannot support federal-question

9   jurisdiction.  See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist.

10  LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011); GMAC Mortg. LLC v. Rosario,

11  No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL 1754053 (N.D. Cal. May 9,

12  2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 U.S. Dist. LEXIS

13  130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010).

14         Despite this seemingly clear standard, Defendants appear to assert in the Notice of Removal

15  that federal question jurisdiction exists under (1) 28 U.S.C. § 1339 because the Summons and

16  Complaint were not properly served and (2) certain federal civil rights statutes because "the Superior

17  Court of California contributed and contributes to the deprivation of [Defendants'] rights."  To the

18  extent these claims exist, however, they do not appear on the face of Plaintiffs' single-count

19  Complaint, nor can they confer federal jurisdiction as an independent defense or counterclaim.  See

20  Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face

21  of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding

22  jurisdiction cannot rest on actual or anticipated defense).[3]

23         In addition, 28 U.S.C. § 1442 - which applies only in cases involving government agencies

24  and individuals - is inapplicable to this case between private parties.  Thus, Defendants have not

25

26

27         [3] Defendants' reliance on 28 U.S.C. § 1443 as a basis for the removal of alleged civil rights
    violations is misplaced because there are no allegations which would support an application of that
    statute.  See Georgia v. Rachel, 384 U.S. 780, 792 (1966) (holding that the removal language
28  contained in 28 U.S.C. § 1443 "must be construed to mean any law providing for specific civil rights
    stated in terms of *racial equality*.").

                                              3
CASE NO. 5:12-cv-00829 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

1  shown the existence of federal question jurisdiction.

2      **C.      Diversity Jurisdiction**

3      Pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction where (1) opposing

4  parties are citizens of different states and (2) the amount in controversy exceeds $75,000.  28 U.S.C.

5  § 1332(a).  Where diversity is cited as a basis for jurisdiction, removal is not permitted if a

6  defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even

7  if the opposing parties are diverse.  See 28 U.S.C. § 1441(b).

8      Here, removal is improper based on diversity jurisdiction because this case was originally

9  filed in a California state court and Defendants, who each list California addresses in their pleadings,

10  are citizens of California.  See, e.g., Docket Item No. 1.  Thus, even assuming the parties are diverse,

11  28 U.S.C. § 1441(b) prohibits removal by Defendants on this ground.

12      Because this court is without subject matter jurisdiction, it does not have the power to issue

13  any further orders in this case.  Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without

14  jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and

15  when it ceases to exist, the only function remaining to the court is that of announcing the fact and

16  dismissing the cause.").  Defendants must therefore raise any claims or defenses before the state

17  court on remand.

18                          **II.     ORDER**

19      Based on the foregoing, Plaintiffs' Motion to Remand is GRANTED.  The Clerk shall

20  remand this action to Santa Clara County Superior Court and close this file.  All other pending

21  matters are TERMINATED AS MOOT.

22      The hearing scheduled for July 13, 2012, is VACATED.

23  **IT IS SO ORDERED.**

24

25  Dated:  June 5, 2012

26                                              EDWARD J. DAVILA
                                                United States District Judge

27

28

United States District Court
For the Northern District of California

4

CASE NO. 5:12-cv-00829 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND